# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** Patricia M. Halsey a/k/a Patricia Klee<br>Debtor(s)<br>vs.<br>U.S. Bank, National Association, as Trustee for the Bear Stearns Asset Backed Securities Trust 2001-3, Asset-Backed Certificates, Series 2001-3<br>Respondent | CHAPTER 13<br><br>NO. 22-12774 AMC |

### RESPONSE OF U.S. Bank, National Association, as Trustee for the Bear Stearns Asset Backed Securities Trust 2001-3, Asset-Backed Certificates, Series 2001-3 TO DEBTORS' OBJECTION TO PROOF OF CLAIM

And now comes Respondent, U.S. Bank, National Association, as Trustee for the Bear Stearns Asset Backed Securities Trust 2001-3, Asset-Backed Certificates, Series 2001-3, by and through its counsel, KML Law Group, P.C., and respectfully represents as follows:

1. ADMITTED.
2. A. DENIED. True copies of the note and mortgage were filed as Exhibits to the proof of claim, as well as form 410A.
   B. ADMITTED in so far as the rate change letter reflects a balance that differs from the proof of claim. As to the Debtor's contentions on the letter's meaning, DENIED. The rate change letter attached is dated post-petition. The rate change letter states the projected principal balance after the borrower cures the arrears and the account becomes current.

Respondent, U.S. Bank, National Association, as Trustee for the Bear Stearns Asset Backed Securities Trust 2001-3, Asset-Backed Certificates, Series 2001-3, by and through its counsel, KML Law Group, P.C., further opposes Debtors' Objection to Proof of Claim and assigns the following reasons therefore:

3. Respondent's Proof of Claim is self-sustaining and constitutes prima facie evidence of the amounts actually due.
4. The Debtors object to the Claim by disputing the arrearages outlined in the Claim. Since the Debtors have failed to overcome the presumption of validity attendant to the Claim, the objection must fail, and the Claim must be allowed as filed.

5. The Claim, as filed, is entitled to a presumption of allowability.  See 11 U.S.C. Section 502(a); Fed. R. Bankr. P. 3001(f); See, e.g., In re Pagnotti, 269 B.R. 326 (Bankr. M.D. Pa. 2001).

6. By filing the Objection, the Debtors incur the burden of overcoming the presumption of allowability and establishing the bases that the Claim is invalid.  In re Allegheny Int'l, Inc. 954 F.2d 167, 173-4 (3d Cir. 1992).  The mere filing of the Objection does not satisfy the Debtors' burden; rather, the Debtor must offer evidence to overcome the presumption of validity of the Claim.  In re Pagnotti, 269 B.R. 326.

7. The Debtors have not filed any documentation to dispute the amount of the Claim.  As such, the Debtors' objection must be overruled.

6. The amounts due alleged in the Proof of Claim are reasonable, actually incurred and in accordance with applicable law.

7. Debtors have failed to overcome the prima facie evidence of the validity of Respondent's Proof of Claim.

WHEREFORE, Respondent prays that Debtors' Objection to Proof of Claim be overruled.

Respectfully submitted,

Date: February 24, 2023

/s/ Michael P. Farrington
_____
Michael P. Farrington, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA  19106
Phone: (215)-627-1322

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** Patricia M. Halsey a/k/a Patricia Klee <br> Debtor(s) <br> vs. <br> U.S. Bank, National Association, as Trustee for the Bear Stearns Asset Backed Securities Trust 2001-3, Asset-Backed Certificates, Series 2001-3 <br> Respondent | CHAPTER 13 <br><br> NO. 22-12774 AMC |

## CERTIFICATION OF SERVICE

I, Michael P. Farrington, Esquire, hereby certify that the foregoing Response to Debtors' Objection to Proof of Claim was served as indicated below, upon the parties listed below on **February 24, 2023**.

Kenneth E. West
Office of the Chapter 13 Standing Trustee (VIA ECF)
1234 Market Street - Suite 1813
Philadelphia, PA 19107

GARY E. THOMPSON ESQUIRE
150 E. Swedesford Road
Suite 102
Wayne, PA 19087

Date: February 24, 2023

/s/ Michael P. Farrington
_____
Michael P. Farrington, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA  19106
Phone: (215)-627-1322